Edward VK Cunningham, Jr., Esq. Town Attorney Town of Fishkill
You have asked whether special policemen must be permitted to wear their Town Police uniforms when they are engaged in private employment. You have indicated that the Town of Fishkill is concerned about the legal implications of this practice.
Section 158 of the Town Law authorizes certain towns to employ special policemen whenever the Town Board determines that their services are necessary. Special policemen have the same power and authority as constables and such additional powers as the Town Board confers upon them (subject to the general laws of the State). Special policemen are subject to the general authority and direction of the Town Board and to such regulations as the Town Board may prescribe.
We find no statutory provision which prohibits special policemen from wearing their police uniforms while they are engaged in private employment. (See 1978 Op Atty Gen 311.) However, the Town Board is authorized to adopt an order or regulation which prohibits special policemen from wearing their police uniforms off duty (Town Law, §158). Section 158 of the Town Law provides that a town board may purchase uniforms and equipment for special policemen. If the Town Board of Fishkill has supplied the uniforms, it is entitled to limit the use of the uniforms to public employment. We are of the opinion that even if the Town has not purchased the uniforms, it may prohibit special policemen from wearing the uniforms when engaged in private employment.
You have also asked us to outline the risks to the Town if the special policemen continue to wear their uniforms when engaged in private employment.
We have previously stated that a municipality may be liable for the tortious conduct of a police officer even if the police officer is engaged in off-duty employment at the time of the incident. (1978 Op Atty Gen 311; 1973 Op Atty Gen 169.) This is premised on the principle that an off-duty policeman is still an officer and has the authority and even the duty to exercise the functions of his office without regard to departmental rules relating to hours (18 McQuillin, Municipal Corporations, § 53.80 [b], p 343; Burns v New York, 6 A.D.2d 30 [1st Dept, 1958]). It is unlikely that a court would hold a municipality liable for the tortious conduct of an off-duty special policeman. Nonetheless, a court might conceivably hold a municipality liable for the tortious conduct of a special policeman if he were wearing an official uniform while engaged in off-duty employment at the time of the incident.
We conclude that a town is authorized to prohibit special policemen from wearing Town of Fishkill police uniforms when they are engaged in private employment. The Town of Fishkill might, under certain circumstances, be held liable for a special policeman's conduct if he is wearing his police uniform while engaged in private employment.